No. 3527.—SUCCESSION OF J. B. NAVARRO.

*If an auctioneer has made a sale of property at the request of a curator of a vacant estate, and it turns out that the estate was not vacant, and the sale is afterward declared to be void for want of legal authority to sell, then and in such case the auctioneer has no claim against the estate for the payment of his fees as auctioneer in making the sale, but he must look to the curator or person who employed him for the payment of his fees.*

APPEAL from the Second District Court, parish of Orleans. *Duvigneaud, J. Charvet & Duplantier* and *M. E. Livaudais*, for appellees. *A. L. Tissot*, for appellants.

HOWE, J. This succession was originally opened as a vacant one, and A. Bonzone appointed curator. On the fourteenth March, 1870, by judgment of the lower court, Mrs. Massuco was recognized as widow in community, and Augustin D. Navarro as a legitimate son and heir of the deceased, and entitled to a certain portion of the succession.

In April, 1870, Mrs. Anselmi, a sister of deceased, took a suspensive appeal from this judgment, but the curator did not appeal.

In June, 1870, the curator obtained an order to sell the real estate of the succession on the ground simply that the estate was vacant, and as such had been under administration more than a year. Rev. C. C. 1169.

Mrs. Massuco, represented by A. L. Tissot, Esq., attorney in fact, made opposition on the ground that the succession was no longer vacant, and there were no debts, and the sale was unnecessary and illegal. The curator seems to have been impressed with the correctness of these views, for he assented to the rescission of the order of sale, and it was accordingly annulled by the judge.

In November, 1870, for some reason that we can not divine, the curator applied for another sale under the same article, 1169 Rev. C. C., and the sale was made by De Feriet, auctioneer. The order was obtained ex parte, and whether the recognized widow and heir were aware of its existence we are unable to say.

The parties to whom the adjudication was made refused to take the property on the ground that the order of sale was illegal, and the sale null and void, the estate not being vacant; and on a rule being taken by the curator, and this defense being pleaded, the court sustained their views, dismissed the rule, and declared the adjudication null and void. No appeal was taken from this judgment by any one.

In March, 1871, the curator filed a provisional account, which was opposed by Mrs. Massuco, on the grounds:

*First*—That the active mass of the estate was not correctly set forth, Bonzone having been attorney in fact of Navarro for some time before his death.

Upon this branch of the opposition we do not find sufficient sustaining evidence. Bonzone was undoubtedly agent of Nevarro before his death, but it does not appear that he has wrongfully retained in his hands anything collected by virtue of his agency.

*Second*—That the item of $704 30, bill of De Feriet, auctioneer, for making the illegal sale was improperly charged to the succession.

We think there is more force in this point. The curator had no right to apply for the sale. The succession was not vacant, as to him at least, for the widow and heir had appeared in this parish, and had been recognized by the court. That Mrs. Anselmi appealed from this judgment, can not avail the curator or any one claiming in virtue of an employment by him. He had acquiesced in the judgment by not appealing, and we think that the auctioneer whom he employed must look to him individually for compensation.

It is therefore ordered that the judgment appealed from be reversed; that the opposition of A. L. Tissot, agent, be sustained as to the item of $704 30, auctioneer's fees; that in other respects the opposition be dismissed, and that A. Bonzone pay costs of appeal.