BRUNOT, J.
 

 Plaintiff is an auctioneer. In a suit instituted by one of the heirs against his coheirs for the partition of property inherited by them from their deceased parents there was judgment ordering a partition in kind of the movable property and a partition by lieitation of all the real estate. The plaintiff is named in the judgment as the auctioneer, and is ordered to sell the property to the highest bidder for cash or for one-half cash and the balance upon the terms fixed therein. The property was advertised, but several days before the date of the sale the heirs obtained an order of the court amending its original order withdrawing from the sale certain property which, in an amicable agreement between the heirs, was valued at 8225,000. This suit is for a commission of 2% per cent, of that sum, or, in the alternative, upon a quantum meruit, for an amount equal to the sum of the commission claimed. The trial of the case in the civil district court resulted in a judgment dismissing the suit, and the plaintiff appealed. It is not alleged that plaintiff acted under a contract of employment, but only under an order of the court. As the order was not executed, the commission allowed by law was not earned. With respect to judicial sales, the commission is based upon the sum actually realized from the sale of the property. Act 58 of 1922 is, in part, as follows:
 

 “No auctioneer shall demand or receive a higher compensation for his services on judicial sales of real estate made under order of court than a commission of two and one-half per centum (2%%) on the amount of each adjudication made by him.”
 

 Even after a judicial sale, if the sale be adjudged void, no commission is due the auctioneer or sheriff who made the sale. In the Succession of J. B. Navarro, 24 La. Ann. 105, property belonging to the succession was sold by an auctioneer under an order of the court. In the succession proceedings which followed the sale was declared void, and the item of the curator’s account for the amount of the auctioneer’s commission for making the sale was successfully opposed. The pertinent part of the syllabus of the case reads:
 

 “If an auctioneer has made a sale of property at the request of a curator of a vacant estate, and it turns out that the estate was not vacant, and the sale is afterward declared to be void for want of legal authority to sell, then and in such case the auctioneer has no claim against the estate for the payment of his fees as auctioneer in making the sale.”
 

 We have read Succession of Blumberg, 14S La. 1030, 88 So. 297; Dutillet et al. v. Char-don, 4 Mart. (O. S.) 611; and article 2040, R. O. G., cited by plaintiff. The citations have no bearing on the question at issue. In the Blumberg Case the property was actually adjudicated by the auctioneer, and the only issue in the case was whether the auctioneer
 
 *249
 
 should be paid the commission allowed by law for sales of succession property, or whether he was entitled to the commission allowed for judicial sales made under order of court. See Act 130 of 1914, amending Act 104 of 1896. In the Dutillet Case, the suit was upon a quantum meruit, for compensation, for actually leasing the defendants’ property at auction.
 

 We know of no law of this state or decision of its courts which sustains the plaintiff’s contention, and the burden is upon him to make out his case.
 

 For the foregoing reasons, the judgment appealed from is affirmed at appellant’s cost.